Jeffrey Morrison
MO Bar No. 44401
United States Department of Justice
Employment Litigation Section
Civil Rights Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 598-5151
Jeffrey.Morrison@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. |
| | **COMPLAINT** |
| STATE OF NEVADA, NEVADA'S OFFICE OF THE ATTORNEY GENERAL, and the PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF NEVADA, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff United States of America alleges:

1. The United States brings this action to enforce the provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* ("USERRA"). Specifically, this complaint alleges that Defendants violated 38 U.S.C. § 4318 of USERRA by denying Nevada state

employee Charles Lehman, and other similarly-situated employees, proper pension benefits upon their reemployment after military service.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action under 38 U.S.C. § 4324(b)(1) because it involves an action under USERRA against a State as an employer commenced by the United States.

3. Venue is proper in this judicial district under 38 U.S.C. § 4323(c)(1) because the Defendants exercise authority and carry out functions in this judicial district. Additionally, venue is proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to this action occurred in this judicial district.

## THE PARTIES

4. Plaintiff is the United States of America, which is expressly authorized to bring an action against a State as an employer for violations of USERRA under 38 U.S.C. § 4324(a).

5. Defendant State of Nevada ("Nevada") is an employer within the meaning of USERRA under 38 U.S.C. § 4303(4)(A)(iii).

6. Nevada is subject to suit by the United States for its violations of USERRA under 38 U.S.C. § 4324(a).

7. Defendant Nevada's Office of the Attorney General (the "AG's Office") is an employer withing the meaning of USERRA under 38 U.S.C. § 4303(4)(A).

8. Defendant Nevada Public Employees' Retirement System of Nevada ("NVPERS") is a tax-qualified defined benefit plan created by the Nevada legislature as an independent public agency to provide pension income to public employees in Nevada, including Nevada's own state employees.

9. Within the meaning of USERRA 38 U.S.C. § 4303(4)(A)(i), NVPERS is also an employer of Nevada's state employees because it is an entity "to whom the employer (Nevada) has delegated the performance of employment-related responsibilities," including, in this case, the "obligation to provide benefits described in section 4318." 38 U.S.C. § 4303(4)(C).

## FACTUAL ALLEGATIONS

10. As directed by Nevada statute (Nev. Rev. St. 286.300 (2023)), NVPERS is required to allow Nevada public employees covered by the plan the opportunity to purchase up to five years of service time in future pension credits in NVPERS (commonly referred to as "air time") after vesting with five years of creditable service.

11. Charles Lehman is a public employee in Nevada qualified to participate in NVPERS.

12. Lehman started his employment with Nevada as an attorney in the AG's Office in August 2013.

13. Lehman is also a commissioned officer with the Nevada National Guard ("Guard").

3

14. From May 15, 2017 through December 8, 2020, Lehman was called to duty with the Guard and served on active-duty military orders. During this time, Lehman was on military leave from his civilian position with the AG's Office.

15. On August 26, 2018, while he was on active duty with the Guard, Lehman would have passed his five-year tenure mark as an employee of Nevada had he remained continuously employed.

16. As directed by Nevada statute (Nev. Rev. St. 286.3005), the cost to a Nevada public employee of purchasing "air time" credits is actuarially determined by the employee's age and rate of compensation at the time the employee purchases the credits.

17. Given his age (38) and compensation with the AG's Office on August 26, 2018, the cost of Lehman's five years of air time in NVPERS was $101,184.40.

18. Because Lehman was away on military service, he could not purchase the air time when he passed his five-year tenure.

19. On October 28, 2020, while on terminal leave from his active duty with the Guard, Lehman requested reemployment under USERRA and returned to his civilian work as an attorney at the AG's Office.

20. After his reemployment in 2020, Lehman immediately requested credit for his military service time because under USERRA, military service time does not count as a break in service from employment for pension purposes under 38 U.S.C. § 4318(a)(2)(A).

21. USERRA specifically states that "[a] person reemployed under this chapter shall be treated as not having incurred a break in service with the employer or employers maintaining the [pension] plan by reason of such person's period or periods of service in the uniformed services." 38 U.S.C. § 4318(a)(2)(A).

22. Moreover, USERRA requires that "[e]ach period served by a person in the uniformed services shall, upon reemployment under this chapter, be deemed to constitute service with the employer or employers maintaining the plan for the purpose of determining the nonforfeitability of the person's accrued benefits and for the purpose of determining the accrual of benefits under the plan." 38 U.S.C. § 4318(a)(2)(B).

23. USERRA also requires that for pension benefits that require a contribution by the employee, like air time, "[n]o such payment may exceed the amount the person would have been permitted or required to contribute had the person remained continuously employed by the employer throughout the period of service described in subsection (a)(2)(B)." 38 U.S.C. § 4318(b)(2).

24. Nevada and the AG's Office did not correct Lehman's personnel records to credit his military service time until approximately April 20, 2021.

25. Before this correction, Lehman's records incorrectly indicated that he had a break in service while on military leave and thus had not reached his 5 year mark in August 2018 while on leave.

5

26. On April 26, 2021, five days after receiving credit for his service time, Lehman inquired about purchasing the air time.

27. On April 27, 2021, NVPERS told Lehman by email that, based on its policy, he would need to purchase the air time at an amount based on his age and pay as of April 2021.

28. The cost for Lehman at that time to purchase all five years of air time in April 2021 would have been $139,391.

29. Between August 26, 2018, when Lehman would have achieved his five year tenure mark absent military service, and April 2021, when NVPERS recognized that for pension purposes he did not have a break in service, Lehman was two years older (40) and was earning a higher salary.

30. Thus, based on both his military service time and the time it took NVPERS to recognize that he did not have a break in service, NVPERS required a payment that exceeded the amount Lehman would have been permitted or required to contribute had he remained continuously employed by Nevada and the AG's Office. This amount was $38,207.

31. Lehman filed a timely USERRA complaint with the Department of Labor ("DOL"), under 38 U.S.C. § 4322(a)(1), alleging that his USERRA rights were violated.

32. The Department of Labor's Veterans Employment and Training Service ("VETS") investigated Lehman's pension benefit complaint, found it had merit, and attempted to resolve the complaint informally.

33. After formal resolution efforts failed, VETS referred the matter to the U.S. Department of Justice.

34. Other NVPERS covered employees who were similarly-situated to Lehman were also harmed by NVPERS' policy.

35. Jeff Hoppe started his employment with the AG's Office in July 2011 and then transitioned to the prosecutor's office in the Washoe County District Attorney's Office in Reno ("Washoe"), without a break in his NVPERS covered service.

36. From January through December 2016, Jeff Hoppe served on active duty with the Army National Guard.

37. Hoppe would have passed his five-year tenure as a NVPERS covered employee on July 5, 2016, while serving his country overseas in the middle east.

38. Hoppe returned from active duty in December 2016, and timely requested reemployment.

39. Washoe reemployed Hoppe, but NVPERS did not recognize his military time, and thus, Hoppe had to wait until April 2017 to purchase his future pension credits.

40. Due to NVPERS' delay and because Hoppe was a year older after his military service time ended, NVPERS required a payment that exceeded the amount Hoppe would have been required to contribute had he remained continuously employed as a NVPERS covered employee.

## COUNT I
(Defendants Violated USERRA by Overcharging Lehman)

41. As described in the factual allegations set forth in paragraphs 1- 33 above, Nevada, the AG's Office, and NVPERS treated Lehman as if he had a break in service while on military leave and required him to pay an amount to purchase his air time pension credits that exceeded the amount he would have been permitted or required to contribute had he remained continuously employed.

42. With regard to pension plans, USERRA expressly requires that reemployed servicemembers "shall be treated as not having incurred a break in service with the employer . . . maintaining the plan by reason of such person's period . . . of service in the uniformed services." 38 U.S.C. § 4318(a)(2)(A).

43. USERRA specifies that an employer must credit the reemployed servicemember with the time while on military service when calculating the employee's accrual of benefits: "Each period served by a person in the uniformed services shall … be deemed to constitute service with the employer . . . for the purpose of determining the accrual of benefits under the plan." 38 U.S.C. § 4318(a)(2)(B).

44. USERRA requires all employers, including state governments, to provide employees' rights "provided under … State law governing pension benefits for governmental employees" when reemploying them after military service. 38 U.S.C. § 4318(a)(1)(A).

45. Nevada has a state law statutory requirement that any public employee in the NVPERS plan "who had 5 years of creditable service may . . . purchase up to 5 years of service," with the requirement that the employee "must pay the full actuarial cost of the service as determined by an actuary of [NVPERS]." Nev. Rev. Stat. § 286.300(2).

46. USERRA requires that the "employer reemploying a person" fund "any obligation of the plan" to provide the returning servicemember with the same benefits as if there was no break in service. 38 U.S.C. § 4318(b)(1).

47. Because this particular statutory right is also a benefit that is "contingent on the making of . . . employee contributions," USERRA allows that Nevada, the AG's Office, and NVPERS may require Lehman to make the contribution, *but* subject to the limitation that the payment may not "exceed the amount" that Lehman would have been "required to contribute had [he] remained continuously employed." 38 U.S.C. § 4318(b)(2).

48. For purposes of computing an employee's contributions to a pension plan based on the level of his compensation under USERRA, the statute states that "the employee's compensation during the period of service . . . shall be computed . . .

at the rate the employee would have received but for the period of service …." 38 U.S.C. § 4318(b)(3)(A).

49. For Lehman, USERRA required Nevada, the AG's Office, and NVPERS to limit his contribution for his air time pension credits to the amount that he would have owed on August 26, 2018, while he was on active duty with the Guard and passed his five-year tenure mark with Nevada and the AG's Office.

50. USERRA therefore limited the amount Nevada, the AG's Office, and NVPERS should have charged Lehman to $101,184, which is the amount that he could have been charged on August 26, 2018.

51. Nevada, the AG's Office, and NVPERS have violated USERRA by both overcharging Lehman for his air time benefit and by failing to provide him with the full pension credit in his future pension benefit calculation.

52. Despite repeatedly being informed that NVPERS' policy violated USERRA (including by the Attorney General's own attorneys such as Lehman), Nevada, the AG's Office, and NVPERS have recklessly and willfully disregarded their obligations under USERRA to limit the amount they charge servicemembers for air time pension credits to the amount that they would have paid had they remained continuously employed.

# COUNT II
(Defendants Violated USERRA by Overcharging Other Servicemembers)

53. On information and belief, NVPERS applied the same policy described above in paragraphs 1- 52 (incorporated herein) to other similarly-situated servicemembers who passed their five-year tenure while away on military service.

54. Because NVPERS' policy impacted all military service members employed by Nevada and the AG's Office who would have passed their five-year tenure mark while away from their civilian positions on military duty, other service members similarly-situated to Lehman were also negatively impacted by NVPERS policy by requiring them to pay an amount to purchase air time pension credits that exceeded the amount they would have been permitted or required to contribute had they remained continuously employed as NVPERS covered employees.

55. Nevada, the AG's Office, and NVPERS have violated USERRA by overcharging servicemembers similarly-situated to Lehman for their air time pension benefit after they were reemployed after military service.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court grant the following relief:

(a) Declare that NVPERS' policy regarding the calculation of the costs of air time for servicemembers on military service who pass their five-year tenure mark is in violation of USERRA;

(b) Order Nevada, the AG's Office, and NVPERS to recognize and award Lehman the air time pension credits in the NVPERS retirement system based on his contributions and at the amount he would have received had he remained continuously employed to comply with USERRA, as allowed by 38 U.S.C. § 4323(d)(1)(A);

(c) Award Lehman a refund of the amount that he has paid Nevada, the AG's Office, and NVPERS for air time credits over and above the amount authorized by USERRA, as allowed by 38 U.S.C. § 4323(d)(1)(B);

(d) Award other servicemembers similarly-situated to Lehman the amount that Nevada, the AG's Office, and NVPERS have overcharged them over and above the limitations imposed by USERRA, as allowed by 38 U.S.C. § 4323(d)(1)(B);

(e) Enjoin Nevada, the AG's Office, and NVPERS from the practice of overcharging servicemembers amounts in excess of USERRA's limitation by calculating the costs of purchasing their air time pension credits based on the time that they are reemployed instead of the cost at

the time that they become eligible for the benefit, as required by USERRA;

(f) Award Lehman and similarly-situated servicemembers pre-judgment interest on any overpayments charged by Nevada, the AG's Office, and NVPERS for air time pension credits;

(g) Award Lehman and similarly-situated servicemembers, as allowed by USERRA 38 U.S.C. § 4323(d)(2)(B), liquidated damages for Nevada, the AG's Office, and NVPERS' willful actions in violating USERRA in an amount equal to the amount of the overcharge awarded above;

(h)   Award such additional relief as justice may require, together with the United States' costs in this action.

## JURY DEMAND

Plaintiff United States hereby demands a jury trial of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 17th day of January 2024,

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division

        KAREN D. WOODARD
        Chief
        Employment Litigation Section
        Civil Rights Division

        HECTOR F. RUIZ
        Deputy Chief
        Employment Litigation Section
        Civil Rights Division

        /s/ *Jeffrey Morrison*

        JEFFREY MORRISON (MO Bar # 44401)
        United States Department of Justice
        Employment Litigation Section
        Civil Rights Division
        950 Pennsylvania Avenue NW
        Washington, DC  20530
        (202) 598-5151
        Jeffrey.Morrison@usdoj.gov

        JASON M. FRIERSON
        United States Attorney
        Nevada Bar No. 779
        EDNIN D. MARTINEZ
        Assistant United States Attorney
        501 Las Vegas Boulevard South, Suite 1100
        Las Vegas, Nevada 89101
        Tel: (702) 388-6336
        Fax: (702) 388-6418
        ednin.martinez@usdoj.gov

        *Attorneys for Plaintiff*
        *United States of America*