| | |
|---|---|
| DAVID REESE<br>AL Bar No. ASB-0087-I67R<br>Trial Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC  20530<br>Phone: (202) 598-5129<br>David.Reese@usdoj.gov<br><br>*Attorney for the United States*<br><br>AARON D. FORD<br>Attorney General<br>Marni K. Watkins (Bar No. 9674)<br>Chief Litigation Counsel<br>Iva K. Todorova (Bar No. 15827)<br>Senior Deputy Attorney General<br>State of Nevada<br>Office of the Attorney General<br>555 E. Washington Ave., Ste. 3900<br>Las Vegas, NV 89101<br>(702) 486-3420 (phone)<br>(702) 486-3773 (fax)<br>mkwatkins@ag.nv.gov<br>itodorova@ag.nv.gov<br><br>*Attorneys for State of Nevada,*<br>*Nevada's Office of the Attorney General* | IAN CARR, Bar No. 13840<br>General Counsel<br>PUBLIC EMPLOYEES'<br>RETIREMENT SYSTEM OF NEVADA<br>693 W. Nye Lane<br>Carson City, Nevada 89703<br>Tel: (775) 283-5608<br>Fax: (775) 684-5534<br>E-mail: icarr@nvpers.org<br><br>David N. Levine (admitted *pro hac vice*)<br>Samuel I. Levin (admitted *pro hac vice*)<br>GROOM LAW GROUP, CHARTERED<br>1701 Pennsylvania Avenue, NW, Ste. 1200<br>Washington, D.C. 20006<br>Telephone: (202) 857-0620<br>dlevine@groom.com<br>slevin@groom.com<br><br>*Attorneys for Defendant, Public*<br>*Employees' Retirement System of Nevada* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>State of Nevada, *et al*.<br><br>　　　　　Defendants. | Case No. 3:24-cv-00026-MMD-CLB<br><br>**ORDER GRANTING JOINT MOTION TO STAY DISCOVERY** |

　　　　Plaintiff United States of America and Defendants State of Nevada, Nevada's Office of the Attorney General, and the Public Employees' Retirement System of Nevada ("NVPERS"), the parties in the above-captioned matter, jointly move to stay this case until the Court decides Defendants' Motions to Dismiss.  *See* Docs. 20 (Defendant NVPERS' Motion to Dismiss), 23

(Defendants State of Nevada and Nevada's Office of the Attorney General's Motion to Dismiss). Defendants' Motions to Dismiss are dispositive of the United States' claims and do not require consideration of any discovery. Moreover, the United States anticipates that seeking discovery will be complex, voluminous, and likely will involve expert testimony. In the interest of judicial economy and avoiding unnecessary expense, the parties therefore respectfully request that this Court stay discovery pending a ruling on Defendants' Motions to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   BACKGROUND

This is a case brought by the United States pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* ("USERRA"). *See* Doc. 1 (Complaint). The underlying facts of this case are set forth in the Complaint, Defendants' Motions to Dismiss, and the United States' responses thereto. *See* Docs. 20, 23, 31, 32. For brevity and judicial economy, the United States will not repeat the facts except as necessary. Defendants have moved to dismiss the United States' suit on grounds that the conduct challenged by the United States does not, as a matter of law, violate USERRA's provisions governing pension benefits, 38 U.S.C. § 4318. *See* Docs. 20 and 23 (Defendants' respective Motions to Dismiss).

Defendants' Motions are fully dispositive of the United States' claims. Additionally, the parties anticipate that discovery in this matter will be complex and voluminous, requiring the aggregation and review of data pertaining to servicemembers' leave, pension contributions and deductions, pension account deposits and rates of return, and actuarial costs for pension credits. In addition to being broad in subject matter, discovery in this case will be broad in temporal scope: the parties have agreed that, should this Court deny Defendants' motions to dismiss, discovery will encompass the time period from January 1, 2016 to the present.[1] Finally, this matter likely also will require expert testimony with respect to the issue of damages.

---

[1] Specifically, the parties have agreed that, for the purpose of identifying servicemembers affected by the challenged conduct, the United States may request documents and information since January 1, 2016.

2

## II.   ANALYSIS

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). When evaluating whether to stay discovery, courts consider the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citing Fed. R. Civ. P. 1). While "the Federal Rules of Civil Procedure do not provide for automatic . . . stays of discovery" during the pendency of a dispositive motion, "[a] court may . . . stay discovery" under Fed. R. Civ. P. 26(c)." *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *2 (D. Nev. Oct. 14, 2021) (Weksler, M.J.). The United States District Court for the District of Nevada often determines that staying discovery is appropriate pending the resolution of threshold questions of law, such as lack of subject-matter jurisdiction or immunity. *See, e.g. Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on apparent lack of subject-matter jurisdiction); *Beard v. Caesars Ent. Corp.*, No. 2:16-cv-00833-JAD-NJK, 2016 WL 9558932, at *1 (D. Nev. Sept. 6, 2016) (granting stay based on apparent lack of subject-matter jurisdiction).

In determining whether to stay discovery, courts in this District have considered (1) whether the pending motion is potentially dispositive of the entire case; and (2) whether the potentially dispositive motion can be decided without additional discovery. *Baham v. Graham*, 2023 WL 8003245, at *1 (D. Nev. Nov. 17, 2023); *Ministerio Roca Solida*, 288 F.R.D. at 506 (articulating "two part test").[2]   This analysis requires the court to take a "preliminary peek" at

---

[2] Other courts in this District have articulated a different two-part test for the propriety of a stay: "(1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery." *See Warren v. Hilton Grand Vacations*, 2024 WL 1419416, at *1 (D. Nev. Apr. 1, 2024) (Albregts, M.J.); *MI-94, LLC v. Chemetall US, Inc.*, 2023 WL 8186618, at *4 (D. Nev. Nov. 27, 2023) (same). *See also Baham*, 2023 WL 8003245, at *1 (Weksler, M.J.) ("But this Court can also determine whether to stay discovery by considering whether (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery."). The parties submit that, regardless of which test is applied, a stay is

the merits of the potentially dispositive motion. *Baham*, 2023 WL 8003245, at *1; *Warren v. Dollar Tree*, 2023 WL 7195203, at *1 (D. Nev. Oct. 31, 2023); *Tradebay*, 278 F.R.D. at 603. This assessment is not meant to prejudge a motion's outcome but to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of delaying discovery. *Warren*, 2023 WL 7195203, at *1; *Tradebay*, 278 F.R.D. at 603.

Here, Defendants' pending Motions to Dismiss easily satisfy these criteria. First, Defendants' Motions, while not presenting questions of subject-matter jurisdiction or immunity, nonetheless are potentially dispositive of the entire case. If the Court determines that, as a matter of law, Defendants' conduct as alleged in the Complaint complied with the requirements of 38 U.S.C. § 4318, USERRA's pension benefits provision, it will dispose entirely of the United States' claims against Defendants. Second, all information necessary to decide the Defendants' Motions to Dismiss is set forth in the Complaint or is subject to judicial notice, such that the parties do not need to conduct discovery for the Court to decide the Motions to Dismiss. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("[S]ince the appellants' conduct did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss.").

Alongside the two-part standard set forth above, some courts in this District have applied a third requirement: that, after taking the "preliminary peek" at the merits of a pending motion to dismiss, the Court must be "convinced that the plaintiff will be unable to state a claim for relief." *Flynn v. Nevada*, 345 F.R.D. 338, 352 (D. Nev. 2024) (Koppe, M.J.). *See also Even v. Hebel*, 2024 WL 2943293, at *3 (D. Nev. Feb. 8, 2024) (Youchah, M.J.) (articulating three-part test); *Flores v. Merck & Co., Inc.*, 2021 WL 4781503, at *2 (D. Nev. Oct. 13, 2021) (Baldwin, M.J.) (same). However, this requirement does not seem to have been universally applied in the District of Nevada. *See, e.g., Warren v. Hilton Grand Vacations*, 2024 WL 1419416, at *1 (D. Nev. Apr. 1, 2024) (Albregts, M.J.) ("Good cause" to grant stay of discovery "may be established through the preliminary peek test, but it may also be established by other factors not related to

---

appropriate: Defendants' Motions to Dismiss can be decided without further discovery, and "good cause exists" because of the anticipated burden and expense of discovery.

4

the merits of the dispositive motion."); *Schrader*, 2021 WL 4810324, at *3 ("This Court . . . has found the preliminary peek test to be problematic because it is inaccurate and inefficient," and finding "good cause" to grant stay even though not convinced that defendants would prevail on their motions to dismiss). *See also Richey v. Axon Enterprises, Inc.*, 2020 WL 3800524, at *3 (D. Nev. July 6, 2020) (Baldwin, M.J.) (even though "not . . . entirely convinced" that pending motion to strike would be granted, finding a limited stay "as a general matter, . . . is nonetheless appropriate under the circumstances," when "issues presented by the motion to strike are novel . . . and appear to be legally unsettled.").

Here, for the reasons set forth above and in the United States' oppositions (*see* Doc. Nos. 31, 32) to Defendants' pending Motions to Dismiss, the United States remains opposed to Defendants' motions and stands by its arguments made in those oppositions that Defendants' motions should be denied. However, for the purposes of satisfying the *Tradebay* analysis, the parties collectively submit to the Court that Defendants' pending Motions to Dismiss are sufficiently serious to meet this Court's standard for the purposes of staying discovery, in the sense that Defendant's Motions raise fundamental and pure questions of law regarding the scope, applicability, and text of USERRA. If the Court is persuaded by Defendants' arguments, the Court could dismiss this case in its entirety.

The parties therefore contend that the requested stay "furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d 681, 685 (9th Cir. 1988). "With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case." *Blocher v. Mindgeek USA Inc.*, 2023 WL 5017711, at *2 (D. Nev. Aug. 4, 2023) (Baldwin, M.J.). Here, the parties respectfully submit that prudence calls for the latter course, and ask that discovery be stayed during the pendency of Defendants' Motions to Dismiss.

## III.    CONCLUSION

Staying discovery while Defendants' Motions to Dismiss are pending will best accomplish Rule 1's objectives to secure the just, speedy, and inexpensive determination of this

5

case. Accordingly, the parties respectfully request this Court grant their motion to stay discovery. Should Defendant' Motions to Dismiss be denied, the parties request 30 days from the date Defendants file their answer(s) to hold a Rule 26(f) conference, and fourteen days after that Rule 26(f) conference to file a stipulated discovery plan and scheduling order, which is the standard timeframe provided under Local Rule 26-1.

Respectfully submitted this 1st day of May, 2024.

| | |
|---|---|
| For Defendant the Public Employees' Retirement System of Nevada | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| By: /s/ Ian E. Carr<br>Ian E. Carr<br>General Counsel<br>Public Employees'<br>Retirement System of Nevada<br>693 W. Nye Lane<br>Carson City, NV  89703 | KAREN D. WOODARD<br>Chief<br>Employment Litigation Section<br>Civil Rights Division |
| /s/ Samuel I. Levin<br>Samuel I. Levin<br>David N. Levine<br>Groom Law Group<br>Suite 1200<br>1701 Pennsylvania Ave NW<br>Washington, DC  20006 | By: /s/ David N. Reese<br>David N. Reese<br>Trial Attorney<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC  20530<br>(202) 598-5129<br>David.Reese@usdoj.gov |
| For Defendant the State of Nevada and the Office of the Attorney General of Nevada | JASON M. FRIERSON<br>United States Attorney<br>EDNIN D. MARTINEZ<br>Assistant United States Attorney<br>501 Las Vegas Boulevard South, Ste 1100<br>Las Vegas, Nevada 89101<br>Tel: (702) 388-6336<br>Fax: (702) 388-6418<br>ednin.martinez@usdoj.gov |
| By: /s/ Iva K. Todorova<br>Nevada Attorney General<br>Suite 3900<br>555 East Washington Ave<br>Las Vegas, NV  89101 | *Attorneys for the United States* |

**IT IS SO ORDERED:**

DATED this  1st   day of  May  2024.

_____
**UNITED STATES MAGISTRATE JUDGE**